Alejo Fonseca, Plaintiff and Appellant, *v.* Dorotea Molina y Santiago et al., Defendants and Appellees.

No. 4835.    Argued January 28, 1929.—Decided March 11, 1929.

*F. Beiro* for the appellant.    *Arcilio Alvarado* and *Armando A. Miranda* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The transcript in the present case was filed on the 7th of December, 1928. The appellant asked for various extensions of time for filing his brief and while they were running attorney Armando A. Miranda presented a writing notifying the secretary and the attorney for the appellant that on January 15, 1929, he had been engaged to represent the appellees.

Three days later attorney Arcilio Alvarado appeared in his own right and filed a motion alleging that he had been

representing the defendants since August 5, 1928; that on November 19, 1928, he recovered for them a judgment dismissing the complaint against them and dissolving an attachment levied on the sum of $914.06 deposited in the names of defendants Santos, Aurora and Salina Maldonado in the clerk's office of the District Court of Guayama; that an appeal having been taken from that judgment, he had prepared the defense of his clients; that he had received notice from attorney Miranda about his substitution; that the defendants have no reason for substituting him by another attorney; that the fund deposited "constitutes a *res* or fund whereby the appearing attorney has already created a right"; that his fees are two hundred dollars. He concludes by praying the Supreme Court to order a deposit of two hundred dollars in his favor in the secretary's office.

On the day set for a hearing on the motion attorney Alvarado argued in favor of it and attorney Miranda in opposition. Attorney Alvarado came prepared to submit evidence on the facts alleged in his motion, but the procedure seemed so rare that the court took the matter under consideration on the motion and argument, without prejudice to giving an opportunity to attorney Alvarado to present his evidence in case the court should find that his claim can be entertained.

The motion of attorney Alvarado does not contain a single citation. None was made during the hearing nor filed later notwithstanding the time elapsed.

Under these circumstances we do not consider it our duty to make a careful study of the question raised. At first sight it seems to us that to sustain the motion of attorney Alvarado would be to denaturalize the procedure on appeal. It is not sought to determine who is the attorney for the appellees before the court, but to investigate the juridical nature of a certain sum deposited in the lower court in order to decide whether it is subject to the lien referred to by attorney Alvarado and, if so, to order that the sum claimed

be deposited. It seems more proper that the attorney should make his claim in the district court.

Therefore, the motion should be overruled.

ON RECONSIDERATION, MAY 10, 1929.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 11th of March, 1929, we ruled on a certain motion of attorney Alvarado made in this appeal praying that this court adopt some means tending to secure the collection of his fees as attorney for the minor defendants.

The question raised involved not only an acknowledgment of the right of the movant, but also a decision as to whether that right could be made effective in a certain sum deposited in the district court for the benefit of the minors proceeding from an indemnity allowed by the Workmen's Relief Commission.

No jurisprudence was cited in writing and we said in our opinion that none had been cited orally. Alvarado filed later a motion for reconsideration which we are now considering and in which he avers that in his oral argument he cited the case of *Martínez* v. *District Court*, 36 P.R.R. 143.

Indeed, we now remember that the case was cited. In that case are cited several interesting decisions which the movant had an opportunity to study, analyze and compare with this case and thus present the question plainly elucidated, but did not. We have gone further into the matter and believe that perhaps situations might arise in which appellate courts should intervene within the appeal in favor of the right of an attorney who has been displaced unjustly by one of the parties. However, judging from the facts in this case, we do not believe that we should intervene, especially because on this date the judgment appealed from, which was rendered on the pleadings, was reversed and the case remanded to the district court of its origin which will proceed with it in accordance with the law. As said in our

former opinion, attorney Alvarado can present his claim in that court.